UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORI F.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C22-5313-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erroneously failed to fully account for a medical opinion found persuasive, and misevaluated Plaintiff's testimony and lay witness statements. Dkt. 12 at 2.[1] As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 63 years old, has a GED and some college education, and has worked as a fast-food clerk and courier/delivery driver. Tr. 47, 184. In January 2020, she applied for benefits, alleging disability as of November 20, 2014. Tr. 168-69. Her application

---

[1] Plaintiff's opening brief fails to list the assignments of error on the first page, as required by the Court's scheduling order. Dkt. 9 at 2. In the future, counsel shall take care to comply with the requirements set forth in this Court's orders.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

was denied initially and on reconsideration. Tr. 89-91, 99-105. The ALJ conducted a hearing in March 2021 (Tr. 41-66), and subsequently found Plaintiff not disabled. Tr. 21-33. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 7-12.

## DISCUSSION

**A.    Medical Opinion Evidence**

The ALJ found the 2007 opinion of State agency consultant Robert Hoskins, M.D., to be persuasive, but failed to fully account for the opinion in determining RFC. *See* Tr. 31. Specifically, the ALJ failed to include the push/pull, reaching, and environmental limitations Dr. Hoskins identified. *Compare* Tr. 27 *with* Tr. 344, 346-47. The ALJ erred in purporting to credit Dr. Hoskins's opinion but failing to incorporate all of the limitations he identified, as the Commissioner fails to dispute. *See* Dkt. 13 at 7.

The Commissioner contends "any potential error" in the ALJ's assessment of Dr. Hoskins's opinion is harmless because Dr. Hoskins's opinion is of limited probative value due to the fact that it was written more than seven years before the adjudicated period started. Dkt. 13 at 7. However, the ALJ nonetheless found the opinion to be persuasive because it was supported by a thorough review of the evidence available to Dr. Hoskins and was consistent with evidence in the record. *See* Tr. 31. The ALJ also found Dr. Hoskins's opinion was persuasive because he is an expert in Social Security disability adjudication. Tr. 31. Although the ALJ could have concluded that Dr. Hoskins's opinion was unpersuasive based on its timing, the ALJ did not put forth this reasoning and the Court declines to reweigh the evidence to enter such findings in the first instance.

Although Plaintiff argues this case should be remanded for a finding of disability because

such a finding would be required if Dr. Hoskins's opinion is credited as true (Dkt. 12 at 17-18), Plaintiff has not shown the record is free of conflicts such that further proceedings would serve no useful purpose.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (setting forth three requirements that must be satisfied before remanding for a finding of disability). Accordingly, the Court finds Plaintiff's requested remedy is not appropriate.

**B.     Plaintiff's and Lay Testimony**

The ALJ discounted Plaintiff's testimony finding Plaintiff's activities were inconsistent with her allegations, and the objective evidence did not corroborate Plaintiff's allegations. Plaintiff contends these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ contrasted Plaintiff's testimony describing disabling physical limitations with her function report indicating she could care for her pets, clean, go on walks, prepare meals, go outside almost every day, shop online, drive to the beach, lives alone, and does not require reminders to complete her tasks.  Tr. 29.  Plaintiff argues the ALJ mischaracterized her activities by ignoring the explanation and details provided in her function report as well as the lay statements, which indicate Plaintiff's ability to complete her activities had diminished over time and was more limited than described by the ALJ.  Dkt. 12 at 13-14.  Indeed, Plaintiff's function report describes her activities as more limited than the ALJ found them to be.  For example, Plaintiff reported she used to take her dogs to the beach every day, but now she tries to drive them there once a week and often cannot go due to panic attacks.  *See* Tr. 205-06.  Plaintiff reported she can prepare instant soup and eat ice cream but can no longer prepare meals that require standing for longer periods.  *See* Tr. 207.  She stated on good days, she can sweep, wash dishes, and wipe down the counters, but cannot complete these tasks on a bad day.  *Id*.  The ALJ

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

listed Plaintiff's activities without considering her full explanation for how she engaged in these activities, and her explanations were corroborated by lay statements. *See* Tr. 279, 281-82. When Plaintiff's function report is read in its entirety, it is unreasonable to conclude (as did the ALJ) that her activities demonstrate she "retains the capacity to function adequately to perform many basic activities associated with work." Tr. 32. The ALJ's decision does not accurately describe Plaintiff's activities and does not provide any reason to discount the activities she and the lay witnesses described, and therefore this line of reasoning is erroneous.

The ALJ also rejected the lay testimony on the grounds the testimony does not constitute opinions and the substantive medical evidence is more probative. The ALJ erred as a matter of law. Lay testimony is relevant evidence the ALJ should consider not reject simply because it is not medical opinion evidence. The Commissioner contends the ALJ need not articulate how the lay testimony was considered using the requirements that apply to medical opinions. But the ALJ did articulate how the testimony was evaluated and did so incorrectly. While an ALJ could reject lay testimony as contradicted by medical opinions, that is not what the ALJ did here, in simply finding medical opinions are more persuasive. Moreover, as discussed above although the ALJ found Dr. Hoskin's medical opinions to be persuasive the RFC determination did not account for the doctor's opinions. Accordingly, on remand, the ALJ shall reconsider Plaintiff's activities, as described in Plaintiff's function report, the lay statements, and the record as a whole.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Hoskins's opinion as well as Plaintiff's activities, as described by Plaintiff and in the lay statements; develop the record and redetermine

RFC as needed; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 13th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge